**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENISE RANAGHAN,**

                  **Plaintiff,**

                  **v.**

**NEW YORK ASSOCIATION OF**
**PSYCHIATRIC**
**REHABILITATION SERVICES,**

                  **Defendant.**
_____

**1:20-cv-488**
**(GLS/ATB)**

## SUMMARY ORDER

Plaintiff Denise Ranaghan brings this action against defendant New York Association of Psychiatric Rehabilitation Services (NYAPRS) alleging sex discrimination in violation of Title VII,[1] and disability discrimination in violation of the Americans with Disabilities Act (ADA).[2] (Dkt. No. 1, Compl. at 20-22.)  Before the court is NYAPRS's motion to dismiss Ranaghan's complaint.  (Dkt. No. 8.)  For the reasons that follow, the motion is granted, and Ranaghan's complaint is dismissed.

Ranaghan filed a complaint with the New York State Division of

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] *See* 42 U.S.C. §§ 12101-213.

Human Rights in April 2019. (Compl. ¶ 20.) "During the last week of January 2020, the Equal Employment Opportunity Commission [(EEOC)] mailed [Ranaghan] a Notice of Right to Sue letter." (*Id.* ¶ 21.) The right to sue letter is dated January 24, 2020. (Dkt. No. 1, Attach. 1 at 1.)

Ranaghan commenced this action *pro se* on April 30, 2020. (Compl.) After NYAPRS filed its motion to dismiss, (Dkt. No. 8), counsel entered a notice of appearance on behalf of Ranaghan, (Dkt. No. 14), and filed Ranaghan's opposition to the motion to dismiss, (Dkt. No. 17).

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

In seeking dismissal of Ranaghan's complaint, NYAPRS argues that Ranaghan failed to commence her action within ninety days of receiving her right to sue letter, in contravention of 42 U.S.C. § 2000e-5(f)(1), and, thus, her complaint is untimely and must be dismissed. (Dkt. No. 8, Attach. 1 at 4-7.) In response, Ranaghan argues that NYAPRS cannot prove that her complaint was untimely; even if her complaint was untimely, equitable tolling and/or equitable estoppel applies; and NYAPRS "does not

2

and cannot plausibly argue prejudice." (Dkt. No. 17 at 2-13.) The court agrees with NYAPRS.

## A. Timeliness

"In order to be timely, claims under Title VII [and the ADA] must be filed within 90 days after receipt of the right to sue letter from the EEOC." *Troise v. SUNY Cortland NY*, No. 5:18-cv-734, 2021 WL 75708, at *5 (N.D.N.Y. Jan. 8, 2021) (citation omitted); *see Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37-38 (2d Cir. 2011). "This [90-day] requirement should be strictly enforced and not extended by even one day." *Barney v. H.E.L.P. Homeless Serv. Corp.*, No. 19 Civ. 5959, 2020 WL 1699984, at *3 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks and citations omitted). "Courts in the Second Circuit 'presume[ ] that a mailed document is received three days after its mailing . . . and that the notice is presumed to have been mailed on the date shown on the notice.'" *Troise*, 2021 WL 75708, at *5 (quoting *Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 63 (2d Cir. 2018)). "However, if a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail,

the initial presumption is not dispositive." *Id.* (internal quotation marks, alteration, and citation omitted).

Here, Ranaghan does not allege the date she received the right to sue letter. (*See generally* Compl.) However, the letter is dated January 24, 2020, (Dkt. No. 1, Attach. 1), which, absent any evidence to the contrary, creates a presumption that it was mailed on that same day. *See Troise*, 2021 WL 75708, at *5. Presuming that the document was received three days after its mailing, *see id.*, Ranaghan should have filed her complaint on or before April 27, 2020.[3] Ranaghan filed her complaint on April 30, 2020—three days late. (Compl.)

In arguing that the surrounding facts rebut the presumption that the letter was mailed on the date shown on the notice and received three days later, Ranaghan asserts the following: she relocated nine days before the date shown on the right to sue letter, and, "[a]lthough [she] has not claimed to have updated her address with the EEOC during that short time period," it would be improper to fault her for this because "the EEOC had been silent for several months"; she "was very busy with getting settled in her

---

[3] The third day, April 26, fell on a weekend. Therefore, the limitations period is extended "until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

new home and consequently did not check her mail frequently for a fair amount of time afterward"; "[i]t is likely she did not actually receive the letter on the same day it arrived in her mailbox"; "the relevant question is not when the letter may have arrived in a mailbox where [she] either currently receives or previously received mail, but rather when she herself actually received the letter"; "[p]recedent indicates that the EEOC's letter date is not always its mailing date," and, although she "does not have the envelope that contained the EEOC letter, . . . the fact that this issue of mismatching dates has arisen multiple times in this district calls into question any presumption that the letter date and mailing date are equivalent"; and "[r]elevant U.S. Postal Service data calls the propriety of the presumption into question." (Dkt. No. 17 at 2-5 (emphasis omitted).)

These arguments are unavailing. Indeed, "a person who files a claim with the EEOC is responsible for ensuring the agency possesses their current address." *Troise*, 2021 WL 75708, at \*6 (citations omitted); *see Taylor v. Fresh Direct*, No. 12 Civ. 2084, 2012 WL 6053712, at \*5 n.16 (S.D.N.Y. Dec. 5, 2012) *report and recommendation adopted* No. 12 Civ. 2084, 2013 WL 1897778 (S.D.N.Y. May 7, 2013) ("EEOC regulations require the Commission to be notified of a claimant's address change: The

person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge. On this basis alone, courts routinely reject equitable tolling arguments where a plaintiff's failure to timely receive an EEOC right to sue letter was caused by his own failure to notify the EEOC of an address change." (citations omitted)); *Felton v. New York Post,* No. 90 CIV 2251, 1990 WL 113176, at *2, 5 (S.D.N.Y. Aug. 2, 1990) ("[I]t is well established that non-receipt of a right-to-sue letter because of a change of address about which the EEOC was not informed is not an event beyond a plaintiff's control." (citations omitted)).

Further, as previously noted, "[i]t is presumed that a government notice was mailed on the date shown on the notice and received three days later." *Stevenson v. City of N.Y. Dep't of Corr.*, No. 09-CV-5274, 2011 WL 13175927, at *2 (E.D.N.Y. July 11, 2011) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996)). Although this presumption may be rebutted by either sworn testimony or other admissible evidence to show that the notice was mailed later than its

stated date, or that it took longer than three days to be received, *see Sherlock* at 526, Ranaghan has offered no such evidence. *See Rosas v. Berry Plastics (Pliant LLC)*, 649 F. App'x 3, 4 (2d Cir. 2016) ("[Plaintiff's] complaint did not state when he received the right-to-sue letter; [plaintiff] instead left that portion of the complaint blank. In the absence of contrary evidence or a challenge to that effect, it is presumed that [plaintiff] received the right to sue letter [three days after the date on the EEOC notice], and the time to file his complaint expired 90 days later."). Accordingly, because Ranaghan offers nothing beyond mere speculation to support her arguments, she fails to rebut the presumption that she received the right to sue letter three days after the date shown on the notice.

As such, because the right to sue letter is dated January 24, 2020, and Ranaghan did not commence the action until more than ninety-three days later, her claims are time-barred. *See Foster v. Walgreen Co.*, 12 F. Supp. 3d 615, 618 (W.D.N.Y. 2014) ("Indeed, 'in the absence of a recognized equitable consideration the court cannot extend the limitations period by even one day.'" (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984)); *Thomas v. Providence Hous. Dev. Corp.*, No. 11-CV-6480, 2013 WL 2147422, at *1 (W.D.N.Y. May 15,

2013) (dismissing plaintiff's claims as untimely because they were filed 93 days after receipt of right-to-sue letter).[4]

## B. Equitable Tolling

Next, Ranaghan argues that, even if her complaint is found to be untimely, equitable tolling applies. (Dkt. No. 17 at 6.) Specifically, she argues that the *pro se* filing of her complaint[5] was delayed by "confusion about technical legal matters"; "[t]he coronavirus pandemic severely delayed [her] progress in several respects"; her attorney had an immediate family member who was in the emergency room during part of the week before the filing; and "[t]he pandemic has impaired the flow of necessary

---

[4] Ranaghan also argues that the EEOC's determination "may not be final." (Dkt. No. 17 at 5-6.) Specifically, she states that "she has filed a timely request to reopen the state administrative agency proceeding upon which the EEOC's determination is based," and, "[b]ecause the EEOC used the incomplete record it received from its state equivalent, the still-pending request to reopen with the state agency arguably renders the initial decision from the EEOC no longer a final action." (*Id.* at 5 (internal quotation marks and citations omitted).) However, Ranaghan does not allege that she filed a request to reopen the proceeding, nor does she allege that such a request was granted, (*see generally* Compl.), nor does she offer any evidence indicating as such. Indeed, similar to her other arguments, Ranaghan's contention that the EEOC's determination "may" not be final is entirely speculative.

[5] As noted above, Ranaghan filed her complaint *pro se*, (Compl.), but obtained counsel in opposing the motion to dismiss.

8

materials and information from government entities to [Ranaghan] and [her] undersigned counsel." (*Id.* at 6-10.)

"The time limits for filing a complaint are not jurisdictional and, therefore, in the appropriate circumstances, could be subject to equitable tolling." *Morgan v. Mohawk Valley Psychiatric Ctr.*, No. 6:20-CV-740, 2020 WL 7395622, at *2 (N.D.N.Y. Dec. 17, 2020) (citation and alterations omitted). "The 90-day deadline to file suit may be equitably tolled if the district court finds that the circumstances that caused the delay in filing are rare and exceptional." *Id.* (internal quotation marks and citations omitted); *see Rosas*, 649 F. App'x at 5 ("Equitable tolling applies only in the rare and exceptional circumstance." (citation omitted)).

In order to receive the benefit of equitable tolling, the plaintiff "must establish two elements: (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677, 2017 WL 6759409, at *4 (E.D.N.Y. Dec. 29, 2017) (internal quotation marks and citation omitted). "Although held to more lenient standards, *pro se* litigants are not excused from establishing these elements." *Id.* (citations omitted).

9

Here, Ranaghan's "confusion about technical legal matters" when filing her complaint *pro se* does not qualify as a rare or exceptional circumstance. *See Bray v. Suffolk Cty. Dep't of Health Servs*., No. 18-CV-4962, 2019 WL 4736740, at *3 (E.D.N.Y. Sept. 27, 2019) ("While the Court is sympathetic to her circumstances, [plaintiff's] status as a *pro se* litigant and her confusion are not grounds for equitable tolling."); *Ayala v. U.S. Postal Serv*., No. 15-CV-4919, 2017 WL 1234028, at *7 (S.D.N.Y. Mar. 31, 2017), *aff'd sub nom*., 727 F. App'x 15 (2d Cir. 2018) ("A *pro se* litigant's mistake about the correct way to calculate the ninety-day period does not warrant equitable tolling." (citations omitted)); *Glover v. Fed'n of Multicultural Programs*, No. 14-CV-4006, 2015 WL 4600645, at *6 (E.D.N.Y. July 29, 2015) ("[W]hether due to a mistake of law or a miscalculation of time, [a *pro se* plaintiff's] incorrect belief [about] the 90-day deadline is not a valid reason to toll the time limitation.").

And the remainder of her arguments also fail. Although the court is sympathetic to the aforementioned circumstances, such arguments do not provide a basis for equitable tolling. Indeed, the inability to find an attorney does not constitute a rare and exceptional circumstance. *See Stevenson v. City of N.Y. Dep't of Corr*., No. 09-CV-5274, 2011 WL 13175927, at *4

(E.D.N.Y. July 11, 2011), *aff'd sub nom. Stevenson v. N.Y. Dep't of Corr.*, 489 F. App'x 517 (2d Cir. 2012) ("A plaintiff's inability to secure counsel, despite a diligent search during the statutory period, does not provide a sufficient basis for equitable tolling of the 90-day limitation period." (citations omitted)).

Further, it is unclear how or why these circumstances impaired Ranaghan's ability to file her complaint a mere three days earlier, within the ninety-day limitation period. *See Mandarino v. Mandarino*, 408 F. App'x 428, 430 (2d Cir. 2011) ("[W]e have held that a litigant seeking equitable tolling cannot rely on conclusory and vague claims." (internal quotation marks, alteration, and citation omitted)); *Pillco v. Bradt,* 10 Civ. 2393, 2010 WL 3398467 at *2 (S.D.N.Y. Aug. 26, 2010) ("To meet the extraordinary circumstances standard, a petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." (internal quotation marks and citations omitted)). Accordingly, an application of equitable tolling is not warranted here.

**C.    Equitable Estoppel**

Ranaghan also argues that equitable estoppel applies, because NYAPRS's counsel "purposely induced [Ranaghan] to delay her filing."

11

(Dkt. No. 17 at 11.)  Specifically, Ranaghan argues that defense counsel stated, "obviously I am willing to work with you to be reasonable," and, "[r]elying on that representation, [Ranaghan and her] counsel expended time and effort presenting a settlement offer rather than ensuring [Ranaghan's] filing [was timely]."  (*Id*.)  However, it is unclear how this alleged statement "induced" Ranaghan to delay her filing, and Ranaghan does not allege any factual allegations in support of this contention, nor does she offer sufficient evidence indicating as such.  *See Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 216 (S.D.N.Y. 2010) ("As one district court noted, the ninety-day filing requirement can only be tolled for reasons such as . . . the defendant engaged in affirmative misconduct, encouraging the plaintiff to take no action.  In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." (internal quotation marks, alteration, and citations omitted)).

Similarly, Ranaghan's argument that equitable estoppel applies because defendant "achieved its favorable administrative result by procuring the absence of an unfavorable witness and withholding evidence," (Dkt. No. 17 at 11), also fails for those same reasons.  And, in

12

any event, it is unclear how this allegation relates to, and prevented Ranghan from, filing a timely complaint. *See Morgan*, 2020 WL 7395622, at *2. Accordingly, Ranaghan has not demonstrated that equitable estoppel is applicable here.

Finally, to the extent Ranaghan contends that NYAPRS does not, and cannot, argue that it has been prejudiced by her failure to file her complaint three days earlier, (Dkt. No. 17 at 12-13), as discussed at length herein, "[t]he 90-day limit at issue here is not merely a suggestion; it is a statutorily-imposed requirement necessitating strict adherence, subject only to very narrow exceptions." *Celestine v. Cold Crest Care Ctr.*, 495 F. Supp. 2d 428, 432 (S.D.N.Y. 2007). And, [a]lthough the time period is subject to extension, the statutory limits imposed by Congress are not to be taken lightly." *Id.* As such, because Ranaghan failed to file her complaint within the ninety-day time period, and because neither equitable tolling nor equitable estoppel applies, NYAPRS's motion to dismiss is granted, and Ranaghan's claims are dismissed.

Accordingly, it is hereby

**ORDERED** that NYAPRS's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Ranaghan's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 8, 2021
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge